BESSIE SAVILLE *et al.* v. BELLE SAVILLE *et al.*

No. 12,431.   (66 Pac. 1043.)

1. PARTITION—*Ouster—Rents and Profits.*  In partition, an answer of a certain defendant pleaded an ouster, alleging that she had exclusive possession of the real estate under a claim of title through a tax deed.  *Held*, that the court was justified in finding that such defendant had actually ousted her cotenants, and hence was chargeable with the actual rental value of the property.

2. ———— *Ejectment—New Trial.*  An amendment of a petition in partition alleging an ouster of the cotenants by a certain defendant does not change the nature of the action to ejectment so as to entitle the defeated party to a new trial as a matter of right.

2. ———— *Parties—Guardian Ad Litem.*  Appearance in partition in behalf of a minor must be made by the minor's guardian *ad litem*, and cannot be made by the guardian of her person and property.

Error from Franklin district court; SAMUEL A. RIGGS, judge.  Opinion filed December 7, 1901.  Division two.  Affirmed.

*F. A. Waddle*, for plaintiffs in error.

*Gamble & Costigan*, for defendants in error.

*Per Curiam :*  This action was brought in the district court of Franklin county by Belle Saville, one of the heirs at law of Maria Saville and L. W. Saville, against Bessie Saville and others, as heirs of said Maria and L. W. Saville, to partition certain real estate belonging to said estate.  There seems to have been no dispute between the parties as to their respective interests.  It was admitted that plaintiff in error Bessie Saville inherited seven-twelfths of the real estate, and that the remaining five-twelfths belonged to the other heirs, as alleged in the petition for partition.  The question litigated was whether Bessie Saville had ousted her cotenants, and was,

therefore, chargeable with the full rental value of said property from the date of ouster until judgment was rendered in this action.

The cause proceeded to trial upon the petition, and commissioners were appointed to partition the real estate according to the respective interests of the parties, or, in case a partition could not be had without manifest injury, then to appraise the property and make a return of their proceeding into court. It was found that the real estate could not be partitioned. It was then appraised and an order issued to the sheriff to sell the same in accordance with the provisions of the statute. Under this order, the sheriff sold the real estate and made a return of his order, under which the sale was confirmed and deeds ordered executed to the purchasers. At the time the commissioners were appointed the court appointed C. B. Mason referee, with an order to make findings and report to the court the amount of taxes paid and rents collected by the different parties. Under this order the referee made some twenty-five different findings of fact, which generally seem to have been outside of the order of reference, one of which is:

"That Bessie Saville, the plaintiff in error, through her guardian, J. C. Cooper, on January, 1890, ousted the other heirs from the real estate and took exclusive possession for his ward, Bessie Saville, and thereafter, through her guardian, retained said real estate, renting and collecting rents and making repairs."

This report was returned into court and, without objection, was confirmed. Afterward, and on April 5, 1899, the court again referred the question of rents and profits to the referee, and ordered that he make his estimate on the basis of annual balances from July, 1890, reckoning interest on balances at the rate of

Saville v. Saville.

six per cent. per annum for such periods. It appears from the record that this order was made on the theory that Bessie Saville had ousted her cotenant, and, therefore, was chargeable with the actual rental value of the property from the date of the ouster, and the reference was for the purpose of ascertaining what that rental value was and striking the annual balance. This is as nearly the object of such reference as can be ascertained from the very unsatisfactory record brought to this court.

The plaintiff below, Belle Saville, and the defendants Roy Saville and W. H. Martin, on the 5th day of April, 1899, asked permission of the court so to amend the plaintiff's petition as to allege an ouster by Bessie Saville against Belle Saville and the other heirs. This was permitted by the *court,* over the objection of defendant Bessie Saville. Bessie Saville was a minor, and in the action F. A. Waddle was appointed guardian *ad litem,* and he appeared for her. In her answer to the petition, she alleges a tax sale of the lots in controversy to J. C. Cooper, her guardian; that upon his death one J. C. Stephens was appointed guardian for her, and, after the death of Cooper, said J. C. Stephens took actual possession of this real estate, under and by virtue of said tax deed issued to her former guardian, J. C. Cooper, and that she has ever since held such possession, and had paid the taxes and assessments levied against the land. Upon the final hearing, the court charged to the account of Bessie Saville the full amount of the rental value of the property, and also found and rendered a judgment against her for a balance over and above her interest in the real estate to the amount of about $200.

Upon the amendment of the petition above referred to, and the rendition of judgment herein, the plaintiff

in error demanded a new trial as a matter of right, as in case of ejectment. This was refused by the court. A motion for a new trial was regularly made, which was overruled by the court, to which Bessie Saville excepted, and undertakes to prosecute this proceeding in error.

From this record, it appears that Bessie Saville has been most unfortunate. Her interest in the estate seems to have been frittered away by her guardian, and when she got into litigation she was not more fortunate. It is doubtful if the taking exclusive possession of the real estate by her guardian, under a tax deed, would constitute an ouster on the part of Bessie Saville, or if she could be charged with the wrongful or illegal acts of her guardian. But when she was brought into court and required to answer the petition of plaintiff below, which did not plead an ouster, or any facts under which an ouster could be proved, her guardian *ad litem* answered in the case, pleading an ouster for her, setting up the fact that she had taken exclusive possession of the real estate under a claim or title through a tax deed, and had ever since remained in possession. This allegation was sufficient for the court to find that Bessie Saville had actually ousted her cotenants, and was therefore chargeable with the actual rental value of the property.

It is charged by the plaintiff in error that the court erred in refusing to grant her a new trial, as a matter of right, upon the amendment of plaintiff's petition, alleging an ouster. The contention that this changed the nature of the cause of action from a partition to one in ejectment cannot be sustained. There seems to be no ground whatever for this contention. There was no judgment in ejectment rendered, nor was this the

Saville v. Saville.

purpose of the amendment.  Prior to the time the petition was amended this real estate had been sold, the sale confirmed, and deeds made.

We receive very little assistance from counsel for plaintiff in error in determining the rights of the parties in this litigation.  In his brief there are no specifications of error, as required by the rules of this court.  He says ''all the errors were pointed out by our motion for a new trial.''  In turning to this motion for a new trial, we find that it is based upon twenty-three different grounds.  This is too indefinite to assist the court in examining the record and in ascertaining whether error has been committed.  We have examined this record for the purpose of ascertaining if there existed any grounds for reversal, but find none.

In addition to this, as has been said, Bessie Saville is a minor.  F. A. Waddle was her guardian *ad litem;* he is not the plaintiff in error, but error is prosecuted by Bessie Saville and by J. P. Stephens, guardian of Bessie Saville.  Stephens was guardian of Bessie Saville and her property, but not her guardian *ad litem*, and she could only appear in this court by her guardian *ad litem*.

The judgment of the court below is affirmed.

CUNNINGHAM, GREENE, POLLOCK, JJ.